IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK MCNULTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MRC RECEIVABLES CORP. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Frank McNulty brings this action to secure redress against unlawful collection practices engaged in by defendant MRC Receivables Corporation ("MRC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. Plaintiff contends that MRC threatens and brings lawsuits against Illinois residents on time-barred credit card debts.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

5. Venue in this District is proper because defendant's collection activities took place in this District.

1

## PARTIES

6. Plaintiff Frank McNulty resides in the Northern District of Illinois.

7. Defendant MRC Receivables Corporation ("MRC") is a Delaware corporation. Its principal place of business is 8875 Aero Drive, Suite 200, San Diego, CA 92123. Its address for service of process is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

8. Defendant MRC is in the business of taking title to charged-off debts allegedly owed by consumers, including large amounts of credit card debts, for a small fraction of face value and enforcing the debts against the consumers.

9. Defendant MRC transacts business in Illinois.

10. Defendant MRC is engaged in the collection of consumer debts originally owed to others, using the mails and telephone for that purpose.

11. MRC is a "debt collector" as defined in the FDCPA.

## FACTS RELATING TO PLAINTIFF

12. On or about November 28, 2007, suit was filed in the name of MRC against Frank McNulty in the Circuit Court of Cook County, case 07 M1 181662, seeking to collect a supposed credit card debt incurred for personal, family or household purposes.

13. Attached to the complaint was a purported affidavit ("Form 409") from an employee of MCM, "servicer of this account on behalf of MRC Receivables Corp."

14. On information and belief, MRC directed or caused the filing of the lawsuit.

15. The complaint did not have attached to it any contract signed by the putative debtor.

16. The complaint and attached documents are attached hereto as Exhibit A.

2

17. The "Form 409" affidavit gave a delinquency date, which was more than five years prior to the filing of the action.

18. Defendant MRC maintains computerized records of payments on purchased accounts.

19. The computerized records relating to the account that was the subject of Exhibit A did not show any payment within five years prior to the filing of the action.

20. On May 20, 2009, the Illinois Appellate Court, First District, in *Portfolio Acquisitions, LLC v. Feltman*, No. 1-07-3004, 391 Ill. App. 3d 642 (1st Dist. 2009) held that the statute of limitations in Illinois for a credit card debt is 5 years.

21. On September 17, 2009, Defendant MRC was held liable for violating the FDCPA by filing lawsuits on time-barred debts. *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D. Ill. 2009).

22. Plaintiff was identified in the *Herkert* litigation as a member of a class of individuals against whom Defendant MRC had filed a lawsuit beyond the statute of limitations.

23. Defendant MRC continued prosecuting its collection lawsuit against Plaintiff subsequent to these decisions and Plaintiff's identification as a person against whom Defendant MRC had sued beyond the statute of limitations.

24. The *Herkert* case was filed as a class action on February 4, 2008, which tolled Plaintiff's claims against MRC until Plaintiff requested to be excluded from the *Herkert* class.

25. On March 30, 2010, Plaintiff McNulty requested that he be excluded from the *Herkert* class. (Exhibit B).

26. Plaintiff appeared and defended the collection action.

27. On April 19, 2010, MRC nonsuited it.

## FACTS – GENERAL

28. The alleged debt that was the subject of Exhibit A was no longer enforceable through legal action as a result of the expiration of the five-year statute of limitations, 735 ILCS 5/13-205. *Portfolio Acquisitions, LLC v. Feltman*, No. 1-07-3004, 391 Ill. App. 3d 642 (1st Dist. 2009); *Herkert v. MRC Receivables Corp.*, 08 C 760, 655 F. Supp. 2d 870 (N.D. Ill. Sept. 17, 2009); *Parkis v. Arrow Financial Services*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill., Jan. 8, 2008); *Weniger v. Arrow Financial Services*, 03 C 6213, 2004 U.S. Dist. LEXIS 23172 (N.D. Ill., Nov. 18, 2004); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

29. It is the policy and practice of defendant to file suit or cause suit to be filed against Illinois residents on alleged credit card debts where the date of delinquency and the date of last payment, according to defendant's records, are both more than five years prior to filing.

30. It is the policy and practice of defendant to file suit or cause suit to be filed against Illinois residents on alleged credit card debts where the complaint does not have attached to it a written contract bearing the signature of the putative debtor. On information and belief, based on examination of multiple files, in no or virtually no case does defendant attach a signed contract.

31. It is the policy and practice of defendant to file suit or cause suit to be filed against Illinois residents on alleged credit card debts where the contract terms may be altered by notice without a signature by the putative debtor.

32. Under Illinois law, if a complaint does not have a signed contract attached to it, it is presumptively subject to the five-year statute of limitations for contracts not wholly in writing. *Barnes v. Peoples Gas Light & Coke Co.*, 103 Ill.App.2d 425, 428, 243 N.E.2d 855 (1st Dist. 1968); *O.K. Electric Co. v. Fernandes*, 111 Ill.App.3d 466, 444 N.E.2d 264, 266-67 (2nd Dist. 1982).

33. Under Illinois law, if a purported contract may be altered by notice without a signature, with either failure to object or continued dealings constituting acceptance of the new terms, it is subject to the five-year statute of limitations for contracts not wholly in writing. *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc.*, 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D. Ill., Oct. 11, 2006).

34. Notwithstanding this, it is the policy and practice of defendant to file suit or cause suit to be filed against Illinois residents on alleged credit card debts (a) where there is no signed contract, or the purported contract is subject to change by notice, and (b) the date of delinquency or last payment in defendant's records are both more than five years prior to the filing of suit.

## **COUNT I – FDCPA**

35. Plaintiff incorporates paragraphs 1-31 by reference.

36. It is both a deceptive practice and an unfair practice, in violation of the FDCPA, 15 U.S.C. §§1692e and 1692f, to file or threaten legal action on time-barred debts. *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987); *Herkert v. MRC Receivables Corp.*, 08 C 760, 655 F. Supp. 2d 870 (N.D. Ill. Sept. 17, 2009).

37. MRC has previously been held liable for engaging in this practice, and continued it with notice of its illegality. *Herkert v. MRC Receivables Corp.*, 08 C 760, 655 F. Supp. 2d 870 (N.D. Ill. Sept. 17, 2009).

WHEREFORE, plaintiff request that the Court enter judgment in favor of plaintiff and against defendant for:

    a. Statutory damages;

    b. Actual damages;

      c.      Attorney's fees, litigation expenses and costs of suit;

      d.      Such other or further relief as the Court deems proper.


        s/ Daniel A. Edelman  
        Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Cassandra P. Miller  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX)


## JURY DEMAND

Plaintiff demands trial by jury.

        s/ Daniel A. Edelman  
        Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

                                                   s/ Daniel A. Edelman
                                                   Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)